■ In the Matter of CHRISTINE BELL, Individually and on Behalf of Her Infant Children, SHAWNEE BELL and Another, Respondent, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Commissioner of the New York State Department of Social Services, dated May 15, 1975 and made after a statutory fair hearing, as affirmed a determination of the Commissioner of the Nassau County Department of Social Services to reduce petitioner's public assistance grant by the amount of income received from a lodger, in excess of $15 per month, the State commissioner appeals from a judgment of the Supreme Court, Nassau County, entered March 16, 1976, which, *inter alia,* annulled the determination and declared subdivision (e) of section 352.30 of the regulations of the New York State Department of Social Services (18 NYCRR 352.30 [e]) "to be invalid and of no force and effect." Judgment modified, on the law, by (1) adding to the first decretal paragraph thereof, immediately after the word "annulled", the following: "insofar as it is reviewed", (2) deleting therefrom the second, third and fourth decretal paragraphs, and (3) adding to the fifth decretal paragraph

thereof, immediately after the words "of no force and effect", the following: "insofar as it does not provide for the taking into account of the expenses actually incurred by a recipient of public assistance in the providing of a room to a 'lodger' ". As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the State commissioner for further proceedings in accordance herewith. The fixed sum of $15, provided as the standard deduction in 18 NYCRR 352.30 (e) to cover expenses involved in the providing of a room for a "lodger", contravenes the holding of the Supreme Court of the United States in *Shea v Vialpando* (416 US 251). In that case a similar uniform sum, stipulated as a travel deduction for work-related expenses of employment, was declared to be contrary to the intent of section 402 (subd [a], par [7]) of the Social Security Act, which requires a State agency, in determining need, to consider any other income and resources, "as well as any expenses reasonably attributable to the earning of any such income" (US Code, tit 42, § 602, subd [a], par [7]). So too, the fixed sum of $15, which is all the State regulations allow to be deducted from lodger income, contravenes the Federal intent to permit deduction of expenses which are "reasonably attributable" to the renting of the room. Accordingly, we remit the matter to the State commissioner for a new hearing to determine the actual expenses involved in the renting of the room, which amount the petitioner may deduct from the income derived from the rental. That sum shall then be used to arrive at the public assistance amount due this petitioner. Additionally, it would be appropriate for the commissioner to reformulate subdivision (e) of section 352.30 of the regulations so as to conform to the Federal standard. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur. [86 Misc 2d 816.]