■ In the Matter of VIRGINIA RAY, Individually and on Behalf of Her Infant Children, LORETTA RAY and Another, Respondent, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Commissioner of the New York State Department of Social Services, dated June 25, 1975 and made after a statutory fair hearing, as affirmed a determination of the Commissioner of the Nassau County Department of Social Services to reduce petitioner's public assistance grant by the amount of income received from a lodger in excess of $15 per month, the State commissioner appeals from a judgment of the Supreme Court, Nassau County, entered March 5, 1976, which, *inter alia,* annulled the determination insofar as it was reviewed. Judgment modified, on the law, by deleting therefrom the second decretal paragraph. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the State commissioner for a determination of the actual expenses incurred by petitioner in providing a room for the lodger (see *Matter of Bell v Berger,* 55 AD2d 950. Where the recipient's mortgage expense for her home exceeds the shelter allowance provided under the regulations of the State Department of Social Services, we agree that the latter figure should be reduced by the lodger income, less

any reasonable expenses incurred in providing the lodging. However, 18 NYCRR 352.30 (e), which provides that any amount paid by a lodger in excess of $15 a month constitutes income to the household, contravenes the Federal regulations, in particular, section 402 (subd [a], par [7]) of the Social Security Act (US Code, tit 42, § 602, subd [a], par [7]), which requires State agencies to "take into consideration * * * any expenses reasonably attributable to the earning of any such income". The State presently deducts $15 a month from any lodger income, without any attempt to ascertain whether the reasonable expenses of lodging the roomer reach or exceed that sum. We hold that subdivision (e) of section 352.30, which imposes a maximum and absolute limitation upon the recognition of an expense, is unsupportable in the light of the Federal standards, as set forth in *Shea v Vialpando* (416 US 251). To do otherwise would be self-defeating, for any fixed deduction for an expense discourages the seeking of additional income which would cost somewhat more than that sum and, as the Supreme Court held, becomes a "disincentive" *(Shea v Vialpando, supra, p 264)*. The State commissioner is directed to recalculate petitioner's benefits by determining the actual expenses of providing the room and its facilities, and deducting that amount from the room rent, in accordance with section 402 (subd [a], par [7]) of the Social Security Act. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur. [86 Misc 2d 448.]